IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TILLYN LOWERY, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-13-3647 |
| § | | |
| OCWEN LOAN SERVICING, LLC, § | | |
|     Defendant. § | | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Leave to File Amended Pleading ("Motion to Amend") [Doc. # 37] filed by Plaintiff Tillyn Lowery, to which Defendant Ocwen Loan Servicing, LLC ("Ocwen") filed a Response [Doc. # 38]. Plaintiff neither filed a reply nor requested additional time do to so. Having reviewed the record and relevant legal authorities, the Court **denies** the Motion to Amend.

## **I.**    **BACKGROUND**

Plaintiff filed this lawsuit alleging that the indebtedness she incurred in connection with the purchase of real property in Harris County, Texas (the "Property") "no longer exists" because the Original Note was marked "paid in full" by the original mortgagor. *See* First Amended Complaint [Doc. # 15], p. 2. In the First Amended Complaint, Plaintiff asserted causes of action for Trespass to Try Title, Suit to Quiet Title, for a Declaratory Judgment that all liens on the Property are

extinguished, alleged violations of the Texas Uniform Fraudulent Transfer Act ("TUFTA"), and conspiracy. In addition to the requested declaratory relief, Plaintiff seeks to recover monetary damages in the amount of $1,200,000.00, and an award of attorney's fees.

At the initial scheduling conference on March 12, 2014, the Court after consultation with counsel issued a Docket Control Order [Doc. # 10]. The deadline for amendments to pleadings was May 12, 2014. Plaintiff filed the First Amended Complaint [Doc. # 15] on May 9, 2014, prior to the amendment deadline. At a conference on December 5, 2014, Plaintiff withdrew the TUFTA and conspiracy claims. Plaintiff now seeks to file a Second Amended Complaint to add "two new causes of action: Third Party Beneficiary and Estoppel." *See* Motion to Amend, ¶ 8.[1]

## II. LEGAL STANDARD AND ANALYSIS

Where, as here, the Court has established a deadline for amendments to pleadings, Federal Rule of Civil Procedure 16(b)(4) provides the standard for requests to amend a complaint after the deadline has expired. *See E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333-34 (5th Cir. 2012); *Marathon Financial Ins., Inc. v. Ford Motor*

---

[1] Additionally, Plaintiff seeks to remove "three causes of action: the violation of the Texas Uniform Fraudulent Transfer Act; Conspiracy and Trespass to Try Title." *See* Motion to Amend, ¶ 8. Plaintiff previously withdrew the TUFTA and conspiracy claims, and the Trespass to Try Title can be voluntarily dismissed without the need for an amended pleading.

*Co.*, 591 F.3d 458, 470 (5th Cir. 2009); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). "Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'" *Marathon*, 591 F.3d at 470 (quoting FED. R. CIV. P. 16(b). Rule 16(b) requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003)). To determine whether the moving party has established good cause, the Court considers the following four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003)); *see also Serv. Temp*, 679 F.3d at 334.

Plaintiff asserts that she believes she is a Third Party Beneficiary to one of several Global Settlement Agreements between Bank of America and the United States Department of Justice. Plaintiff asserts that she did not know of the Global Settlements until recently. Plaintiff's assertion, however, is refuted by the record. Bank of America advised Plaintiff of the settlement and Consent Judgment in a letter dated August 25, 2012. *See* Letter, Exh. A to Response [Doc. # 38]. Additionally, the

Consent Judgment has long been available on the State Attorney General's website. "In the context of a motion for leave to amend, the court may deny the motion if the movant 'knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original [or timely amended] complaint.'" *Udoewa v. Plus4 Credit Union*, 2010 WL 1169963, *2 (S.D. Tex. Mar. 23, 2010) (quoting *Pallottino v. City of Rio Rancho,* 31 F.3d 1023, 1027 (10th Cir. 1994), and citing *Pope v. MCI Telecomms. Corp.*, 937 F.2d 258, 263 (5th Cir. 1991); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (denying leave to amend under Rule 16(b) when facts were known to plaintiff at time of first complaint); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340-41 (2d Cir. 2000) (denying leave to amend under Rule 16(b) where plaintiff "had all the information necessary" to support the new claim at the time he filed the lawsuit).

The importance of the proposed amendment is minimal. Plaintiff has no private right of action under the settlement between Bank of America and the Department of Justice. Any obligations by Bank of America under the Consent Judgment may be enforced only by the United States District Court for the District of Columbia, not by this Court.

The prejudice to Ocwen if the amendment is permitted is significant. The discovery deadline expired on September 22, 2014. Ocwen has filed a Motion for

Summary Judgment. Until this lawsuit is resolved, Ocwen is incurring expenses such as property taxes, property insurance, and maintenance expenses. Ocwen asserts that Plaintiff currently owes over $36,000.00 in taxes and insurance, yet she is not making any payments on the loan.

Because Ocwen would be prejudiced by the increased costs and expenses associated with the proposed amendment at this late stage, the availability of a continuance would not avoid that prejudice. Moreover, the Court is not inclined to extend the remaining deadlines in this case to cure the prejudice from additional delay.

Plaintiff has failed to establish good cause under Rule 16.

### III.    CONCLUSION AND ORDER

Plaintiff has not demonstrated good cause for the failure to comply with the Court's May 12, 2014 amendment deadline. As a result, it is hereby

**ORDERED** that Plaintiff's Motion to Amend [Doc. # 37] is **DENIED**. It is further

**ORDERED** that Plaintiff's Trespass to Try Title claim is voluntarily **DISMISSED**.

SIGNED at Houston, Texas, this 3rd day of **February, 2015.**

Nancy F. Atlas
United States District Judge