IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TILLYN LOWERY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-3647 |
| | § | |
| OCWEN LOAN SERVICING, LLC, | § | |
| Defendant. | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Plaintiff Tillyn Lowery asserts a suit to quiet title against Defendant Ocwen Loan Servicing, LLC ("Ocwen") and seeks a declaratory judgment that the lien on her property is invalid. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

This case was tried to the Court on April 1, 2015. Each party presented exhibits and live witnesses. Having considered the evidence introduced by the parties, all matters of record in this case, the arguments of counsel, and applicable legal authorities, the Court makes the following findings of fact and conclusions of law.[1]

[1] The Court explains the evidence and uses various forms of the word "find" to indicate a finding of fact, and sets forth legal principles and uses forms of the words "hold" and "conclude" to indicate a conclusion of law. To the extent a finding of fact is more properly a conclusion of law, and to the extent a conclusion of law is more properly a finding of fact, it should be so construed.

## I. FINDINGS OF FACT

On October 26, 2006, Plaintiff purchased property at 5518 Oak Trail Lane, Houston, Texas (the "Property"). In connection with the purchase of the Property, Plaintiff executed two promissory notes originally payable to GreenPoint Mortgage Funding, Inc. The First Promissory Note (Plaintiff's Exh. ("PX") 1) was in the amount of $167,000.00, and is secured by a Deed of Trust (PX 2) dated October 26, 2006. The Deed of Trust pledges the Property as security for the First Promissory Note, and is recorded in the official public records of Harris County, Texas. It is this note that is in issue in this case.

Since February 2007, the owner of the First Promissory Note has been U.S. Bank, N.A. as Trustee, successor in interest to Wilmington Trust Company as Trustee, successor in interest to Bank of America, N.A. as Trustee, successor by merger to LaSalle Bank, N.A. as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-3 ("US Bank"). Bank of America was the mortgage servicer of the First Promissory Note until Defendant Ocwen became the mortgage servicer in November 2013.

The Second Promissory Note (PX 3) was in the amount of $31,300.00. Bank of America, owner and servicer of the Second Promissory Note at the relevant time, forgave that Note in connection with a global settlement with the United States

Department of Justice and State Attorneys General. Bank of America sent Plaintiff a letter dated August 25, 2012. *See* Letter, PX 8. In that letter, Bank of America advised Plaintiff that she would receive "full forgiveness of the remaining principal balance of $30,928.77" and would waive any outstanding fees and accrued interest. *Id.* The letter further advised that "this does not extinguish your 1st mortgage." *Id.*

At some time after August 2012 and before Ocwen became the mortgage servicer in November 2013, the First Promissory Note was marked "Paid in Full" and returned to Plaintiff. There was no letter or other document accompanying the First Promissory Note when it was received by Plaintiff. Plaintiff admits that she did not pay the indebtedness evidenced by the First Promissory Note. There is no evidence that the First Promissory Note was forgiven, in connection with the global settlement with the United States Department of Justice that led to the forgiveness of the Second Promissory Note, or otherwise. Plaintiff has failed to prove that the First Promissory Note was marked "Paid in Full" as an intentional voluntary discharge of the debt evidenced thereby. Indeed, evidence from Bank of America's files indicates there was no intent to forgive or release the First Promissory Note or the associated debt.

## II. CONCLUSIONS OF LAW

Plaintiff's pending claims against Defendant are a suit to quiet title and a request for a declaratory judgment that she is the rightful owner of the subject

property and that Defendant has no title or other interest in the property. All other claims have been dismissed previously.

**A. <u>Plaintiff's Request for Judicial Notice</u>**

At the opening of the trial, Plaintiff asked this Court to take judicial notice of an Opinion and Order from the Southern District of New York (PX 20) and of a Settlement Agreement involving Bank of America (PX 21). A court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* FED. R. EVID. 201(b).

The Court denies Plaintiff's request for judicial notice of the Settlement Agreement because it fails to satisfy the requirements of Rule 201. Furthermore, the copy of the Settlement Agreement is not authenticated as required by Rule 902 of the Federal Rules of Evidence. Counsel's oral representations as to the source of the document, while in good faith, are insufficient to establish admissibility.

The Court takes judicial notice of the Southern District of New York Opinion and Order as a matter of public record. *See, e.g., De Shazo v. Nations Energy Co., Ltd.*, 2007 WL 951568, *1 n.1 (S.D. Tex. Mar. 27, 2007); *Bilbrew v. Wilkinson*, 2005 WL 3019743, *3 (S.D. Tex. Nov. 10, 2005). The Opinion and Order is not relevant

to this lawsuit, however, because there is no evidence that it relates to the global settlement pursuant to which the Second Promissory Note was forgiven as explained in the August 25, 2012 letter from Bank of America to Plaintiff (PX 8). Moreover, the ruling does not in substance address in any way homeowners' debt forgiveness. As a result, the Court does not consider the Opinion and Order or the Settlement Agreement as evidence in this case.

**B. Burden of Proof**

Plaintiff asserts a suit to quiet title under Texas law. "A suit to quiet title relies on the invalidity of the defendant's claim to the property." *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App. – El Paso 2012, review denied) (citing *Essex Crane Rental Corporation v. Carter*, 371 S.W.3d 366, 387-88 (Tex. App. – Houston [1st Dist.] 2012, pet. denied); *Longoria v. Lasater*, 292 S.W.3d 156, 165 n.7 (Tex. App. – San Antonio 2009, pet. denied)). The claim serves "to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." *Id*. (quoting *Essex Crane*, 371 S.W.3d at 388; *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App. – Houston [1st Dist.] 2009, pet. denied)). A successful suit to quiet title declares invalid or ineffective the defendant's claim to title. *See id*. "The plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief." *Id*.

Plaintiff bears the burden to prove each element of her suit to quiet title and request for declaratory judgment. This includes the burden to prove that the First Promissory Note was marked "Paid in Full" as an intentional, voluntary relinquishment or discharge of the indebtedness evidenced by the Note. This also includes the burden to prove that US Bank is not the owner of the First Promissory Note and that the related Deed of Trust has not been properly and effectively transferred to US Bank.

### C. Suit to Quiet Title

To prevail in an action to quiet title, the plaintiff has the burden to prove "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Id*. Plaintiff has argued throughout this lawsuit that Defendant's claim of an interest in the Property is invalid or unenforceable because the First Promissory Note was marked "Paid in Full" and returned to her. During trial, Plaintiff asserted that US Bank was not the owner of the First Promissory Note. During rebuttal closing argument, Plaintiff appeared to assert that the Deed of Trust had not been properly transferred to US Bank.

***Marking Note "Paid In Full."*** – Under Texas law, the person entitled to enforce a promissory note may discharge the obligation "by an intentional voluntary act." *See*

*Manley v. Wachovia Small Bus. Capital*, 349 S.W.3d 233, 237 (Tex. App. – Dallas 2011, review denied) (relying on TEX. BUS. & COM. CODE § 3.604 (West 2010)). Mistakenly marking a note "paid in full" does not discharge the debt. *See id.* Therefore, to result in a discharge of the debt under Texas law, the note must have been marked "paid in full" as an act to intentionally discharge the debt and not by mistake. *See id.*

Plaintiff has failed to prove that the First Promissory Note was marked "Paid in Full" as an intentional and voluntary discharge of the debt evidenced thereby. Indeed, the evidence overwhelmingly establishes that the First Promissory Note was mistakenly marked "Paid in Full." The Bank of America documents make clear that the bank intended to foreclose on the lien associated with this Note, not to forgive the indebtedness. As a result, Plaintiff has failed to prove that the lien securing the First Promissory note is invalid or unenforceable, an essential element of her suit to quiet title.

***Ownership of First Promissory Note and Related Deed of Trust.***– During the trial, Plaintiff raised issues regarding US Bank's ownership of the First Promissory Note and the related Deed of Trust. These issues were not, however, raised in the parties' Joint Pretrial Order [Doc. # 57]; Plaintiff contended there that Ocwen is not the holder of the Note, not that US Bank is not the owner. *See* Joint Pretrial Order,

p. 3.  There is no contention in the Joint Pretrial Order regarding transfer of the Deed of Trust to US Bank.  Additionally, Plaintiff in the Joint Pretrial Order identifies the sole contested issue of fact as "whether Defendant has any valid or enforceable claim following the voluntary and intentional discharge of the [First Promissory Note]."  *Id.* at 5.  "It is a well-settled rule that a joint pretrial order signed by both parties supersedes all pleadings and governs the issues and evidence to be presented at trial." *Branch-Hines v. Hebert*, 939 F.2d 1311, 1319 (5th Cir. 1991).  As a result, US Bank's ownership of the First Promissory Note and proper transfer of the Deed of Trust to US Bank are not contested issues before the Court in this case.

For purposes of a complete record, however, the Court concludes that Plaintiff has failed to prove that US Bank is not the owner of the First Promissory Note or the holder of the related Deed of Trust.  Indeed, the documentary and other circumstantial evidence presented at trial establish that US Bank is, in fact, the owner of the First Promissory Note and that transfer of the Deed of Trust to US Bank was proper and fully effective.  *See, e.g.*, Defendant's Exhs. 17, 23.

Plaintiff failed to prove that the First Promissory Note was invalid or unenforceable because it was marked "Paid in Full," because it was not owned by US Bank, or because the Deed of Trust was not properly transferred to US Bank. As a result, Defendant is entitled to judgment on the quiet title claim.

**D. Request for Declaratory Judgment**

Plaintiff requests a declaratory judgment that she is the rightful owner of the subject property and that Defendant has no title or other interest in the property. A "request for declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action." *Thompson v. Bank of Am., N.A.*, 13 F. Supp. 3d 636, 660 (N.D. Tex. 2014). Because Plaintiff has no viable suit to quiet title, Defendant is entitled to judgment on the request for declaratory judgment.

## III. CONCLUSION AND ORDER

Pursuant to the Court's Findings of Fact and Conclusions of Law, it is hereby

**ORDERED** that Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE**. The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this **2nd** day of **April, 2015.**

Nancy F. Atlas
United States District Judge